Curia, per

Wardlaw, J.
Upon the first ground, this court is satisfied that the motion to set aside or open the former judgment was properly refused. There could be no end to litigation if a judgment, in such circumstances, should be liable to disturbance. The second ground presents a more serious question. Is a judgment against an executor or administrator, “ de bonis testatoris (vel intestati) si tantum in nianibus habuit administrans, et si usu, Ac.” conclusive evidence of sufficient as.sets in his hands at the time of the said judgment m a subsequent action against him of debt suggesting a devastavit ? The case of Young *278 vs. Kennedy, 2 McMull. 80, has lately decided that such judgment in the case proposed is at least prima facie evidence of assets, beyond which the court was not then required to go. In the cases, of Brown vs. Hillegas, 2 Hill, 450, and Ford vs. Rouse, Rice, 223, it is said that such judgment would estop the defendant from denying assets in a subsequent proceeding, if it had been obtained by his confession, by his default, or by a verdict against his plea of plene administravit, or plene administravit prceter; but it seems to be considered that it would not estop him if it had been obtained in any other mode, as upon demurrer, or by verdict upon a plea denying the liability of his testator or intestate. It does, not distinctly appear in the case now before us, whether the administratrix filed any plea to the former action against her; and if the judgment was had by her default, this case would then fall within the rules laid down in the two cases last cited. But the question in Brown <fe Hillegas was, whether execution de bonis propriis could go against an administrator before his devastavit had been regularly ascertained; and the question in Ford & Rouse was, whether the pleas of the defendant were good; and this court is of opinion, that in the cursory consideration of the subject required by those cases, the estoppel of the former judgment was confined to cases which do not differ in principle from others to which it was supposed it would not extend. In the case of Earle vs. Hinton, 2 Str. 732, Chief Justice Eyre said: “ it is a settled rule in law, that if a defendant has a matter proper for his defence, and he neglects to plead it in bar to the action at the time he may, he shall never take advantage of it after.” And Justice Buller expressed himself in nearly the same words in the very strong case on this subject of Ewing vs. Peters, 3 Term, 685, where the change in the consequences of a judgment, which results from the statute of Anne allowing double pleas, has been pointed out by Justice Grose. So universal is the rule mentioned above, that it is constantly acted on, even by the Court of Equity, as may be seen by the case of Maxwell vs. Connor, 2 Hill C. R. 22, where Chancellor J. Johnston, in reference to what he acknowledges to be a hard case, uses the following strong language : “ If a defendant has been be *279 fore a competent tribunal, which has proceeded to judgment, that decision, until reversed, is conclusive upon him in every tribunal having concurrent or other jurisdiction. It is conclusive upon him as to every matter of defence, not only presented, but which could have been presented, by him ; and it is conclusive upon him, although the judgment be erroneous, if he acquiesce in it, and does not proceed to reverse it. It is conclusive on him, because a party, whenever he is brought into a court, is bound to full diligence, which if he uses, he will obtain his right; if he neglects, either in putting in proper pleas, or introducing all his evidence to support them, he has no one to blame but himself; nor will his neglect in one court be allowed to give him a right to a second trial, either in that court or another. If the tribunal before which he is, commits errors in deciding, his appeal is not to a court of merely concurrent and not appellate jurisdiction, but to that tribunal which is by the Constitution provided exclusively and expressly for the correction of errors; and if he neglects to prosecute an appeal, he must bear the consequences.” All of which is confirmed by the Court of Appeals, who say “ the defence was available at law — for error the remedy was by appeal, and for neglect of that, equity will give no relief.”
To decide, then, whether this administratrix can now plead that she had no assets when the former recovery was had against her, it is sufficient to ask, could the want of assets have been then pleaded 1 and could the judgment, “ de bonis, (fee., el si usu, (fee.” have been rendered against her, if the want of assets had then been made to appear'? The plea of plene admimstravit would, in the former action, have been a good defence, and, if true, the judgment against her could at most have been only for assets qnando acciderint. Her neglect to enter the plea was an admission of assets, which she cannot now retract, without contradicting the judgment. See ffm’s, Saund. 219, c.; Williams on Executors, 1201, 1225. Whether the former judgment was obtained by default, or after plea, if it be such a judgment as implies the admission of assets, that is, a judgment which does not shew that the want of assets has been established, the reason is the same, and so *280 s the rule. Pleading one only of two pleas necessary to a full defence, more especially of two admissible pleas, pleading that which is untrue, and neglecting the other, said to be true, is at least default pro tanto; and, upon the universal rule before mentioned, is, after judgment, an acknowledgment that what was omitted would not have availed. The judgment is not, in the first instance, de bonis propriis, because the executor or administrator is not liable* in all events. The debt is that of the testator — the judgment against the executor is evidence that then he had assets, and is de bonis testatoris, <fec., because there is no occasion presumed for resorting to the executor, unless he shall waste; his personal liability, then, depending upon his devastavit, the devastavit must be established by adding to the evidence that assets were in his hands, some evidence that he has wasted. That evidence prvma facie is supplied by a return of nulla bona, but not conclusive. As to all matters of defence not contrary to the former judgment, the executor is not estopped. Without undertaking now to decide whether the rule in a law court, as to an executor’s liability for losses, is that declared by Lord Ellen-borough, in Crosse vs. Smith, 7 Ea. 258, or the more lenient rule which regards him as a bailee bound for the observance of ordinary care, it may be safely laid down that any matter arising subsequent to the former judgment, which constitutes in law a defence, may be set up by the executor against a charge of devastavit.
The authorities already cited will shew, that if the administratrix here could not, in the second action, plead that she never had assets, she could not give that matter in evidence under any other plea.
The decision of the circuit court was, therefore, right, and the motion for a new trial is dismissed.
O’Neall, Evans and Bdtler, JJ., concurred.
Richardson, J., dissented.